## STATE OF CONNECTICUT *v.* ROBERT PENTLAND III
## (SC 18178)

Norcott, Katz, Palmer, Zarella and Schaller, Js.*

---

* This case was argued prior to the implementation of the policy of this court to hear all cases en banc.

Argued October 24, 2008—officially released May 18, 2010

*Norman A. Pattis*, for the appellant (defendant).

*Robin S. Schwartz*, assistant state's attorney, with whom, on the brief, were *David Cohen*, state's attorney, and *Carol Dreznick*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PALMER, J. The defendant, Robert Pentland III, appeals from the ruling of the trial court directing him to register as a sex offender pursuant to General Statutes § 54-251 (a),[1] a provision of the statutory scheme commonly referred to as "Megan's Law."[2] The defendant claims that he is exempt from the mandatory registration provisions of § 54-251 (a) because, at the time he entered his plea to an offense for which such registration is required, the trial court failed to advise him of that registration requirement as § 54-251 (a) requires. We disagree that the defendant is exempt from registering under § 54-251 (a) and, accordingly, affirm the decision of the trial court.

The following relevant facts and procedural history are not in dispute. On January 19, 2005, the defendant

[1] General Statutes § 54-251 (a) provides in relevant part: "Any person who has been convicted . . . of a criminal offense against a victim who is a minor or a nonviolent sexual offense, and is released into the community on or after October 1, 1998, shall, within three days following such release . . . register such person's name, identifying factors, criminal history record, residence address and electronic mail address, instant message address or other similar Internet communication identifier, if any, with the Commissioner of Public Safety, on such forms and in such locations as the commissioner shall direct, and shall maintain such registration for ten years except that any person who has one or more prior convictions of any such offense or who is convicted of a violation of subdivision (2) of subsection (a) of section 53a-70 shall maintain such registration for life. Prior to accepting a plea of guilty or nolo contendere from a person with respect to a criminal offense against a victim who is a minor or a nonviolent sexual offense, the court shall (1) inform the person that the entry of a finding of guilty after acceptance of the plea will subject the person to the registration requirements of this section, and (2) determine that the person fully understands the consequences of the plea. . . ."

[2] As this court has observed, the goal of Megan's Law, which is set forth in chapter 969 of the General Statutes, General Statutes §§ 54-250 through 54-261, is to "alert the public by identifying potential sexual offender recidivists when necessary for public safety." (Internal quotation marks omitted.) *State* v. *T.R.D.*, 286 Conn. 191, 220, 942 A.2d 1000 (2008). This goal is accomplished by requiring persons convicted of certain offenses to register with the commissioner of public safety and by mandating disclosure of that registry to the public.

pleaded guilty under the *Alford* doctrine[3] to two counts of reckless endangerment in the second degree in violation of General Statutes § 53a-64[4] and one count of unlawful restraint in the second degree in violation of General Statutes § 53a-96.[5] These charges were based on the defendant's allegedly inappropriate sexual contact with the intimate parts of a ten year old female. The trial court sentenced the defendant to a total effective sentence of two years, execution suspended, and three years probation with special conditions. In addition, because the offense of unlawful restraint in the second degree involved a victim who, at the time of the offense, was under eighteen years of age, the defendant was required to comply with the registration requirements of § 54-251 (a).[6] At the time of sentencing, however, the trial court mistakenly informed the defendant that the offenses of which he had been convicted did not require him to register as a sex offender.[7] In accordance with

---

[3] "Under *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt . . . but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 558 n.2, 941 A.2d 248 (2008).

[4] General Statutes § 53a-64 provides in relevant part: "(a) A person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a risk of physical injury to another person. . . ."

[5] General Statutes § 53a-96 provides in relevant part: "(a) A person is guilty of unlawful restraint in the second degree when he restrains another person. . . ."

[6] Under General Statutes § 54-251 (a), a defendant who has been convicted of "a criminal offense against a victim who is a minor" is required to register under that provision. Under General Statutes § 54-250 (2), a " '[c]riminal offense against a victim who is a minor' " includes, for purposes of the registration requirements of § 54-251 (a), the offense of unlawful restraint in the second degree in violation of § 53a-96 when, as in the present case, "the victim was under eighteen years of age" at the time of the offense.

[7] After the trial court accepted the defendant's *Alford* plea, defense counsel sought to clarify the ramifications of that plea with respect to the registration requirement, stating: "[I]t is our understanding and belief, I think as well

the court's advisement, the defendant did not register as a sex offender.

On November 2, 2005, the defendant was charged under General Statutes § 53a-32[8] with violating the terms of his probation.[9] On June 16, 2006, a probation violation hearing was held at which the defendant admitted to violating the terms of his probation. At that hearing, the court advised the defendant that, at the time he had entered his *Alford* plea, the court mistakenly had informed him that the charges to which he had pleaded did not require him to register under § 54-251 (a). The court further explained that, contrary to what the defendant had been advised when he entered his *Alford* plea, he was, in fact, required to register as a sex offender.[10] The state agreed with the court that the defendant was required to register under § 54-251 (a). At the conclusion of the hearing, the court did not revoke the defendant's probation but, instead, continued the proceeding for three months for the purpose of monitoring the defendant's compliance with the terms of his probation. Thereafter, on June 26, 2006, the defendant registered as a sex offender pursuant to § 54-251 (a).

On September 18, 2006, the defendant, who was represented by new counsel, filed a motion to vacate his

as [that of] the [assistant] [s]tate's attorney, that none of these charges carr[ies] any sexual offender registration." The trial court responded: "That is my understanding. No." The assistant state's attorney did not comment on the matter.

[8] General Statutes § 53a-32 provides in relevant part: "(a) At any time during the period of probation or conditional discharge, the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation or conditional discharge, or may issue a notice to appear to answer to a charge of such violation, which notice shall be personally served upon the defendant. . . ."

[9] The violation of probation charge stemmed from, inter alia, the defendant's unsuccessful participation in sex offender treatment.

[10] The court stated that "neither a judge nor a prosecutor nor a defense counsel or anybody else can modify . . . the statutory [registration] requirement . . . ."

"plea"[11] with respect to the violation of probation charge on the ground that, at the time of that plea, the court had not substantially complied with the plea canvass provisions of Practice Book § 39-19. The claims that the defendant raised in support of his contention that he was entitled to withdraw his plea with respect to the violation of probation charge are not relevant to this appeal. The defendant also sought "relief from the registration requirement" of § 54-251 (a) due to the fact that the court had failed to inform him, when he entered his *Alford* plea, that he was subject to that requirement. According to defense counsel, this result was dictated by the mandatory language of § 54-251 (a), which entitled the defendant to notice of the registration requirement before the court accepted his *Alford* plea to the offense of unlawful restraint in the second degree. Defense counsel indicated that requiring the defendant to register as a sex offender effectively altered the terms of his plea agreement with the state. Finally, defense counsel informed the court that, if it declined to grant the defendant the relief that he sought with respect to the registration requirement, the defendant would seek to withdraw his *Alford* plea. Thereafter, the trial court granted the defendant's motion to vacate his plea with respect to the probation violation charge but denied his request for relief from the requirement of § 54-251 (a) that he register as a sex offender.

On September 25, 2006, the defendant again admitted to violating the terms of his probation, and he again sought to be relieved of the requirement that he register as a sex offender. The trial court denied the defendant's request and continued the case for sentencing on the violation of probation charge. At that sentencing hearing on January 23, 2007, the trial court continued the

---

[11] In referring to his "plea" in connection with the violation of probation, the defendant actually was referring to his admission that he had violated the terms of his probation.

defendant's probation. Once again, the defendant sought to be relieved of the requirement that he register as a sex offender. The court denied the defendant's request and informed him that his recourse was to take an appeal from the court's ruling to the Appellate Court. Thereafter, the defendant appealed to the Appellate Court, claiming that the trial court improperly had denied his request for relief from the registration requirement of § 54-251 (a), and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1. On appeal, the defendant renews his claim that he is exempt from registering as a sex offender under § 54-251 (a) because of the trial court's failure to inform him of that requirement prior to accepting his *Alford* plea.

Before addressing the merits of the defendant's claim, we first consider the state's contention that this court lacks subject matter jurisdiction over this appeal because the trial court's ruling directing the defendant to register as a sex offender in accordance with § 54-251 (a) is not an appealable final judgment.[12] In support of this claim, the state contends that such a decision is reviewable only when a defendant challenges the factual underpinnings that form the basis for mandatory registration under § 54-251 (a): e.g., whether the victim was under the age of eighteen or whether the offense constituted a nonviolent sexual offense. In all other cases, the state asserts, "the obligation to register as a sex offender is triggered by the entry of the judgment of conviction, not by the court's advisement that the law mandates the defendant's compliance with mandatory

---

[12] Of course, the statutory right to appeal is limited to appeals by aggrieved parties from final judgments. See General Statutes § 52-263. Thus, this court lacks subject matter jurisdiction over an appeal that is not from a final judgment. See, e.g., *Mazurek* v. *Great American Ins. Co.*, 284 Conn. 16, 33, 930 A.2d 682 (2007). Moreover, we must address and decide a challenge to our subject matter jurisdiction whenever the claim is raised. E.g., *Jolly, Inc.* v. *Zoning Board of Appeals*, 237 Conn. 184, 192, 676 A.2d 831 (1996).

registration." Thus, in the state's view, because the advisement in the present case did not form the basis of the defendant's obligation to register as a sex offender, that advisement does not constitute an appealable final judgment.

We need not decide whether the state's contention might have merit in some other case because, in the present case, the trial court expressly informed the defendant when he entered his *Alford* plea that he had no obligation to register as a sex offender. At that time, there was nothing concerning the issue of sex offender registration under § 54-251 (a) that the defendant had reason to challenge on appeal. Only later, after the trial court informed the defendant that he was required to register pursuant to § 54-251 (a), did he then have a basis for an appeal. In other words, the defendant was not aggrieved until the court informed him, contrary to the court's earlier advisement, that he was required to register as a sex offender, and a party does not have standing to appeal unless that party is aggrieved by a decision of the trial court. See, e.g., *State* v. *T.D.*, 286 Conn. 353, 358, 944 A.2d 288 (2008) ("Aggrievement implicates both the [party's] standing and this court's subject matter jurisdiction. . . . To be aggrieved, a party must have a specific personal and legal interest in the subject matter of the litigation and, further, that interest must be specially and injuriously affected by the decision at issue." [Citation omitted.]) Because the court issued its ruling directing him to register in connection with the probation violation hearing, the defendant properly raised his claim challenging the ruling on appeal from the judgment rendered by the trial court in connection with its finding of a probation violation.[13]

---

[13] The state raises the alternative claim that we should dismiss this appeal as untimely. The state concedes, however, that the timeliness of an appeal does not implicate this court's subject matter jurisdiction and, further, that the state never filed a motion to dismiss the appeal on timeliness grounds. We therefore decline the state's invitation to dismiss the appeal. See *Rubenstein* v. *Rubenstein*, 107 Conn. App. 488, 499, 945 A.2d 1043 (failure

We turn, therefore, to the merits of the defendant's claim that the trial court incorrectly determined that he is required to register as a sex offender under § 54-251 (a) even though the court had failed to inform him of that requirement prior to accepting his *Alford* plea. The defendant contends that, because the advisement provision of § 54-251 (a) expressly provides that the court "shall" inform a defendant of the registration requirement prior to accepting his plea, that provision is mandatory. The defendant further contends that a fair construction of § 54-251 (a) leads to the conclusion that the court's failure to comply with that provision relieves the defendant of the registration requirement.

In light of the plain and straightforward statutory language, we, like the state, agree with the defendant that the advisement provision of § 54-251 (a) is mandatory. See, e.g., *Lostritto* v. *Community Action Agency of New Haven, Inc.*, 269 Conn. 10, 20, 848 A.2d 418 (2004) ("[a]s we have often stated, [d]efinitive words such as must or shall, ordinarily express legislative mandates of a nondiscretionary nature" [internal quotation marks omitted]). We therefore also agree with the defendant that the court improperly failed to advise him of the registration requirement before accepting his *Alford* plea as to the offense of unlawful restraint in the second degree. We disagree with the defendant, however, with respect to his construction of § 54-251 (a) as relieving him of that requirement when, as in the present case, the court fails to comply with the advisement provision of § 54-251 (a). Indeed, there is nothing in the language or legislative history of § 54-251 (a) to suggest that the court's failure to advise a defendant of the registration requirement renders the defendant exempt from that requirement. Moreover,

to file motion to dismiss appeal as untimely constitutes waiver of right to dismissal on nonjurisdictional grounds), cert. denied, 289 Conn. 948, 960 A.2d 1037 (2008).

the registration provision of § 54-251 (a), which provides, inter alia, that a person who has been convicted of a criminal offense against a minor victim, as defined in § 54-250 (2), or a nonviolent sexual offense, as defined in § 54-250 (5), "shall . . . register" with the commissioner of public safety, is itself cast in mandatory terms. Thus, the interpretation of § 54-251 (a) that the defendant advances would require us to engraft language onto that provision conditioning the registration requirement on the court's compliance with the advisement requirement, something that we cannot do. See, e.g., *Southwick at Milford Condominium Assn., Inc.* v. *523 Wheelers Farm Road, Milford, LLC*, 294 Conn. 311, 321, 984 A.2d 676 (2009) (court cannot rewrite statute to achieve particular result).

Furthermore, although the requirement to register as a sex offender under Megan's Law is regulatory rather than punitive in nature; e.g., *State* v. *Waterman*, 264 Conn. 484, 489, 825 A.2d 63 (2003); we previously have recognized that the "legislature enacted the law to protect the public from sex offenders." (Internal quotation marks omitted.) *State* v. *Arthur H.*, 288 Conn. 582, 590, 953 A.2d 630 (2008). Because the defendant pleaded guilty to an offense the commission of which triggers the registration requirement, it would be manifestly inconsistent with the public safety purpose of the statutory scheme to construe § 54-251 (a) as exempting the defendant from that requirement merely because the court did not comply with the mandatory advisement provision. Indeed, the defendant has identified no authority, and our research has revealed none, to support the proposition that this court may uphold a plea agreement that is contrary to a clear statutory mandate.

Nevertheless, the trial court's failure to advise the defendant of the registration requirement prior to accepting his *Alford* plea violated the advisement provision of § 54-251 (a). In fact, in the present case, the

court expressly informed the defendant that he was *not* required to register as a sex offender. The court's failure to comply with the mandatory advisement language of § 54-251 (a), however, did not leave the defendant without a remedy. For example, he could have sought to withdraw his *Alford* plea either because it had not been entered knowingly and voluntarily or because requiring him to register as a sex offender violated the terms of his plea agreement with the state. In short, his remedy is to challenge the conviction to which the obligation of § 54-251 (a) attaches. The defendant has elected not to seek such relief, however. Instead, he seeks relief from the registration requirement itself. For the foregoing reasons, however, we do not have the authority to relieve him of that requirement in light of his conviction of unlawful restraint in the second degree.[14]

The decision of the trial court is affirmed.

In this opinion the other justices concurred.

---

[14] At oral argument, the defendant raised the claim that it would be inequitable to require him to register as a sex offender despite the trial court's advisement to the contrary. We do not believe that there is any inequity in requiring the defendant to register in view of the fact that he had the opportunity to seek to withdraw his *Alford* plea but chose not to do so.