******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* KOIL D. HOLDER
(AC 34983)

DiPentima, C. J., and Robinson and Mihalakos, Js.*

*Argued November 13, 2013—officially released January 14, 2014*

(Appeal from Superior Court, judicial district of New London, geographical area number ten, McMahon, J.)

*W. Theodore Koch III*, assigned counsel, for the appellant (defendant).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *Michael L. Regan*, state's attorney, and *Mary Jean Kanabis*, senior assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, C. J. The defendant, Koil D. Holder, appeals from the judgment of the trial court finding him in violation of his conditional discharge under General Statutes § 53a-32. On appeal, the defendant claims that the court permitted him to represent himself without conducting a proper canvass. We dismiss the appeal as moot.

The following facts and procedural history are relevant to our discussion. On April 19, 2011, the defendant was convicted of threatening in the second degree in violation of General Statutes § 53a-62, and was sentenced to one year incarceration, execution suspended, followed by one year conditional discharge. On February 21, 2012, the defendant was arrested and charged with violation of conditional discharge under § 53a-32. A hearing was held, and during the adjudicatory phase, the defendant was not represented by counsel. The state concedes that the court did not conduct a proper canvass before it allowed the defendant to represent himself. During the dispositional phase, however, the defendant was represented by counsel. Having found that the defendant violated his conditional discharge, the court sentenced him to one year incarceration. This appeal followed.

While this appeal was pending, the defendant pleaded guilty, pursuant to the *Alford* doctrine,[1] to criminal violation of a standing criminal protective order under General Statutes § 53a-223a.[2] The conduct underlying the plea was the same conduct that served as the factual basis for the charge of violation of conditional discharge.

On appeal, the defendant claims that the court failed to comply with Practice Book § 44-3, and therefore, did not find a voluntary and knowing waiver of his right to counsel during the adjudicatory phase of the hearing. We do not reach this claim, for there is a threshold issue raised by the state that is dispositive of the appeal. Specifically, the state argues that because the defendant pleaded guilty to the conduct underlying the charge of violation of conditional discharge, his claim is moot. The defendant responds that his claim is not moot because it is of constitutional magnitude. We agree with the state.

"Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [this] court's subject matter jurisdiction . . . . We begin with the four part test for justiciability established in *State* v. *Nardini*, 187 Conn. 109, 445 A.2d 304 (1982). . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . .

(2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant. . . .

"The mootness doctrine is rooted in the first factor of the *Nardini* test. . . . It is founded on the same policy interests as the doctrine of standing, namely, to assure the vigorous presentation of arguments concerning the matter at issue. . . . [T]he standing doctrine is designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . . Indeed, we note that courts are called upon to determine existing controversies, and thus may not be used as a vehicle to obtain advisory judicial opinions on points of law. . . .

"[A]n actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Citations omitted; internal quotation marks omitted.) *State* v. *Preston*, 286 Conn. 367, 373–74, 944 A.2d 276 (2008).

The question asked in this appeal has been answered by our Supreme Court. In *State* v. *McElveen*, 261 Conn. 198, 218, 802 A.2d 74 (2002), the court stated: "[T]he defendant is seeking review of the trial court's determination that he violated probation by virtue of his criminal conduct on August 26, 1998. By admitting to that very conduct by virtue of his guilty plea and the resultant judgment of conviction of attempted robbery in the third degree . . . the defendant has eliminated the controversy before the court. Accordingly, this appeal is moot." (Citation omitted.) The holding in *McElveen* was reiterated in *State* v. *Singleton*, 274 Conn. 426, 439, 876 A.2d 1 (2005): "Where, subsequent to a finding of violation of probation, a defendant is criminally convicted for the same conduct underlying the violation of probation, his appeal from that judgment of violation of probation is rendered moot because there is no longer any live controversy about whether he engaged in the conduct for which his probation was violated."[3]

Both *McElveen* and *Singleton* involved, as the defendant points out, challenges to findings of violation of probation on insufficiency of evidence grounds and not constitutional grounds. We see nothing in the language of either case to limit their holdings to challenges of insufficiency of evidence. Furthermore, the defendant has provided no authority to support a different interpretation. A fair reading of *McElveen* and *Singleton* reveals that the focus of inquiry is not on the type of

challenge raised but on the underlying conduct later admitted. See *State* v. *McElveen*, supra, 261 Conn. 218; *State* v. *Singleton*, supra, 274 Conn. 439. Thus, the defendant's conviction for the same conduct that served as the factual basis for his charge of violation of conditional discharge ended the live controversy. See id. Accordingly, we do not reach the merits of his claim and conclude that this appeal is moot.

The appeal is dismissed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] "Under *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt . . . but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." (Internal quotation marks omitted.) *State* v. *Pentland*, 296 Conn. 305, 308 n.3, 994 A.2d 147 (2010).

[2] The defendant did not appeal this conviction, and the time for filing an appeal has expired.

[3] We recognize that *McElveen* and *Singleton* arose from violations of probation and not, as in this case, a violation of conditional discharge. For purposes of this appeal, this is a distinction without a material difference.