******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* ROBERT DENYA
(AC 34406)

Lavine, Sheldon and Bishop, Js.

*Argued February 20—officially released April 22, 2014*

(Appeal from Superior Court, judicial district of Hartford, geographical area number fourteen, Mullarkey, J.)

*David R. Kritzman*, with whom, on the brief, was *Alexa J. P. Lindauer*, for the appellant (defendant).

*Bruce R. Lockwood*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Anne Mahoney*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Robert Denya, appeals from the judgment of the trial court denying his motion to modify probation pursuant to General Statutes § 53a-30 (c).[1] The defendant contends that there was "good cause" to modify his probation and that the court abused its discretion when it denied his motion. We disagree and affirm the judgment of the trial court.

It is unnecessary for the purposes of this appeal to recount the details of the crimes for which the defendant was convicted. It is sufficient to note that in December, 1998, the defendant pleaded guilty to multiple counts of risk of injury to a child in violation of General Statutes § 53-21 and sexual assault in the fourth degree in violation of General Statutes § 53a-73a in connection with the molestation of his autistic niece. See *State* v. *Denya*, 294 Conn. 516, 524, 986 A.2d 260 (2010). The court, *Byrne*, *J.*, accepted the defendant's pleas and sentenced him to ten years incarceration, execution suspended after three years, followed by ten years probation with special conditions, including lifetime registration as a sex offender and no contact with children under the age of sixteen. The defendant served three years in prison before being released on probation. On October 1, 2004, the court, *Mullarkey*, *J.*, found that the defendant had violated the terms of his probation on at least two separate occasions and that the defendant had lied about those incidents to his probation officer. In its disposition of the probation violation, the court stated, "I am going to reopen the original sentence, reimpose the original sentence of ten years, suspended after three." The court also increased the period of probation from ten years to thirty-five years and added the special condition that the defendant be electronically monitored at his own expense.[2]

On October 26, 2010, the defendant filed a motion to modify his probation pursuant to § 53a-30 (c). Following a hearing, the court denied the motion, and in its memorandum of decision highlighted the fact that the defendant had lied to his probation officer in the past and proved to be deceptive during his probationary period. The court noted that the defendant's probation violation had gone undetected by his probation officer and that his violation was not discovered until the victim's family hired a private investigator to follow him and monitor his impermissible contacts with children. The court noted that, "[e]ven the excellent probation officer with a small caseload in the sex offender unit has been unable to detect the defendant's repeated and blatant violations."[3]

On appeal, the defendant claims that the court abused its discretion when it denied his motion to modify his probation. Specifically, the defendant argues that the court should have (1) reduced the length of his proba-

tion from thirty-five years to ten years and (2) discontinued electronic monitoring. We are not persuaded.

It is well settled that the denial of a motion to modify probation will be upheld so long as the trial court did not abuse its discretion. *State* v. *Denya*, supra, 294 Conn. 533 n.9. On appeal, a defendant bears a heavy burden because "every reasonable presumption should be given in favor of the correctness of the court's ruling." (Internal quotation marks omitted.) *State* v. *Preston*, 286 Conn. 367, 377, 944 A.2d 276 (2008). The mere fact that the denial of a motion to modify probation leaves a defendant facing a lengthy probationary period with strict conditions is not an abuse of discretion. Rather, "[r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) Id.

Section 53a-30 (c) provides that a court *may* modify a defendant's probation for "good cause . . . ." The defendant contends that the court abused its discretion when it failed to find "good cause" to modify his probation. Specifically, the defendant cites evidence demonstrating that he had rehabilitated and that his probationary period was disproportionate to those of other similarly situated defendants.

In this case, the defendant was convicted of multiple counts of risk of injury to an autistic child. He was incarcerated, and after being released was found to have violated his probation. Consistent with General Statutes (Rev. to 2003) § 53a-29, the court imposed the maximum probationary period allowable by law, thirty-five years. Despite introducing evidence suggesting that the defendant has rehabilitated, he has not demonstrated how the court abused its discretion by refusing to modify his probation. The decision to grant a motion to modify probation is a matter that rests in the sound discretion of the trial court; it is not relevant to our review that the defendant might have persuaded a different judge to reach a contrary result. On the basis of our review of the record, we cannot say that the court abused its discretion.

The defendant also contends that that court erred by not removing the special condition that the defendant be subject to electronic monitoring. Given that such monitoring was lawfully imposed, and in light of the court's determination that the defendant previously has been successful in deceiving his probation officer, we cannot say that the court abused its discretion.

The judgment is affirmed.

[1] General Statutes § 53a-30 (c) provides in relevant part: "At any time during the period of probation or conditional discharge, after hearing and for good cause shown, the court *may* modify or enlarge the conditions, whether originally imposed by the court under this section or otherwise, and may extend the period, provided the original period with any extensions shall not exceed the periods authorized by section 53a-29. . . ." (Emphasis added.).

[2] The court ordered that "the defendant must submit to and pay for any electronic/digital monitoring *as deemed appropriate* by the office of adult probation . . . ." (Emphasis added; internal quotation marks omitted.) *State* v. *Denya*, supra, 294 Conn. 522. On December 15, 2005, the Office of Adult Probation discontinued electronically monitoring the defendant. In response, the state filed a "motion to modify probation" in which it requested that the court resume the electronic monitoring. After a hearing, Judge Mullarkey issued a corrected order in which he directed the probation office to electronically monitor the defendant for the duration of his probationary period. Judge Mullarkey noted that the previous order was inaccurate insofar as the "court did not sanction or intend that [probation] monitor . . . the [defendant] with any lesser level of monitoring than provided by [current technology]" and that the court intended to give flexibility to "accommodate technological developments . . . ." (Internal quotation marks omitted.) *State* v. *Denya*, supra, 524–25.

The defendant appealed, and our Supreme Court upheld the clarified order, concluding that the trial court properly clarified its order and that the court "intended to require that the defendant submit to electronic monitoring for the duration of his probationary period." The Supreme Court noted, "[t]here is nothing in the record of the proceeding at which the trial court issued its [original order] to suggest that the court's [clarified order] was arbitrary or otherwise unreasonable." Id., 533.

[3] The court also stated: "[A]fter release from prison the defendant started jogging in the victim's neighborhood . . . and visited the victim's place of employment . . . . This conduct smacks of deception and obsession, [and] is the most important factor in the length of the defendant's probation and the [electronic monitoring] requirement."

The defendant argues that this statement, which appears in the memorandum of decision denying the defendant's motion to modify probation, is not supported by the evidence adduced at the previous probation violation hearing. He argues that these incidents were only referenced by the counsel for the victim's family during the sentencing phase of the probation violation proceeding. We note that a probation violation hearing has two phases, an evidentiary phase during which the court determines whether a condition of probation has been violated, and a dispositional phase during which a sentence is imposed. Here, the defendant has included a record of the dispositional phase, but has not provided us with a record of the evidentiary phase. Without a transcript of the evidentiary phase we are unable to determine whether the inaccuracy claimed by the defendant exists. Accordingly, we cannot review this claim.