******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# STATE OF CONNECTICUT *v.*
# NATHANIEL T.*
## (AC 47331)

Bright, C. J., and Moll and Seeley, Js.

*Syllabus*

The defendant appealed from the judgment of the trial court denying his motion to modify the lifetime sex offender registration requirement of his probation. He claimed, inter alia, that the trial court improperly denied his motion to modify his probation. *Held*:

The trial court did not abuse its discretion in denying the defendant's motion to modify a condition of his probation, as the court correctly determined that the clear and unambiguous language of the registration statute (§ 54-251 (a)) regarding mandatory registration for life for a person who is convicted of sexual assault in the first degree in violation of statute (§ 53a-70 (a) (2)) prohibited the court from granting the defendant's motion to modify.

The trial court's denial of the defendant's motion to modify was proper with respect to his claim that he would not have agreed to plead guilty if he had been informed of the lifetime registration requirement, as a motion to modify was not the proper procedural vehicle to raise a claim regarding a guilty plea.

This court declined to review the defendant's claims that the sentencing court improperly denied him the opportunity to present mitigating evidence and imposed an illegal and unconstitutional sentence, as his evidentiary claim was unpreserved and the defendant did not request review of his unpreserved constitutional claim pursuant to *State* v. *Golding* (213 Conn. 233), and his claim was inadequately briefed.

Argued November 18—officially released December 31, 2024

*Procedural History*

Substitute information charging the defendant with one count each of the crimes of sexual assault in the first degree and risk of injury to a child, brought to the Superior Court in the judicial district of Fairfield, geographical area number two, where the defendant was presented to the court, *Rodriguez, J.*, on a plea of

---

* In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to use the defendant's full name or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

guilty; judgment of guilty in accordance with the plea; thereafter, the court, *Dayton, J.*, denied the defendant's motion to modify probation, and the defendant appealed to this court. *Affirmed.*

*Nathaniel T.*, self-represented, the appellant (defendant).

*Brett R. Aiello*, assistant state's attorney, with whom, on the brief, were *Joseph Corradino*, state's attorney, and *Michael DeJoseph*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The self-represented defendant, Nathaniel T., who had been convicted of sexual assault in the first degree and risk of injury to a child for which he was sentenced to a period of incarceration, followed by a period of special parole and a period of probation, appeals from the judgment of the trial court denying his motion to modify the condition of his probation that he comply with all sex offender registry requirements, namely, the requirement that, upon being released from confinement, he register his name and address with the Commissioner of Emergency Services and Public Protection and that such registration be maintained for the duration of his life (lifetime sex offender registration). The defendant claims that the court, *Dayton, J.*, improperly denied his motion to modify the lifetime sex offender registration requirement of his probation. In addition, with respect to the underlying sentencing proceedings, the defendant claims that the court, *Rodriguez, J.*, improperly denied him the opportunity to present certain mitigating evidence and imposed an illegal and unconstitutional sentence. We disagree and, accordingly, affirm the judgment of the court.

It is unnecessary for the purposes of this appeal to recount the details of the crimes for which the defendant was convicted. It is sufficient to note that, in June,

2001, the defendant pleaded guilty under the *Alford* doctrine[1] to one count of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2)[2] and one count of risk of injury to a child in violation of General Statutes § 53-21 (a) (2),[3] in connection with the sexual assault of his daughter. On August 30, 2001, the court, *Rodriguez, J.,* sentenced the defendant to ten years of incarceration, execution suspended after five years, followed by ten years of special parole and twenty years of probation to commence after the period of special parole.[4] A condition of the defendant's special parole and probation obligated him to comply with all of the requirements for sex offender registration under state law. Because the defendant had been convicted of a violation of § 53a-70 (a) (2), he was required, pursuant to General Statutes § 54-251,[5] to register as a sex offender and to maintain that registration for his life.

---

[1] "Under *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt, but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." (Emphasis omitted; internal quotation marks omitted.) *State* v. *Faraday*, 268 Conn. 174, 204–205, 842 A.2d 567 (2004).

[2] Although § 53a-70 was the subject of amendments in 2002 and 2015; see Public Acts 2002, No. 02-138, § 5; Public Acts 2015, No. 15-211, § 16; those amendments have no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of the statute.

[3] Although § 53-21 was the subject of amendments in 2002, 2007, 2013 and 2015; see Public Acts 2002, No. 02-138, § 4; Public Acts 2007, No. 07-143, § 4; Public Acts 2013, No. 13-297, § 1; Public Acts 2015, No. 15-205, § 11; those amendments have no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of the statute.

[4] In August, 2011, the defendant filed a motion to correct an illegal sentence. After argument on the motion, the court, *Rodriguez, J.,* vacated the defendant's August 30, 2001 sentence and imposed a modified sentence of a total effective term of ten years of incarceration, execution suspended after five years, with five years of special parole and thirty-four years of probation.

[5] General Statutes § 54-251 applies to any person who has been convicted of a "criminal offense against a victim who is a minor," which is defined by General Statutes § 54-250 (2) to include violations of §§ 53a-70 (a) (2)

In May, 2023, the defendant filed a motion to terminate probation, which the court, *Russo, J.*, granted in part, resulting in the defendant's term of probation being reduced by nine years. Several months thereafter, the defendant filed the present "motion to modify sex offender registration" dated December 21, 2023, which is the subject of this appeal. In his motion, the defendant argues that he "is no longer a threat to society," that he has "completed multiple sex offender classes," and that he has "good accomplishments" and is in compliance with the conditions of his probation. The court heard argument on the motion on January 17, 2024, at which time the defendant reiterated that he had completed "extensive programs," obtained certificates, and is "no threat to society," and further asserted that he had been told by the court during his plea canvass that the period of sex offender registration would be for only ten years. The court, *Dayton, J.*, denied the defendant's

and 53-21 (a) (2). Section 54-251 (a) provides in relevant part: "Any person who has been convicted . . . of a criminal offense against a victim who is a minor . . . and is released into the community on or after October 1, 1998, shall, within three days following such release or, if such person is in the custody of the Commissioner of Correction, at such time prior to release as the commissioner shall direct, and whether or not such person's place of residence is in this state, register such person's name, identifying factors, criminal history record, residence address and electronic mail address, instant message address or other similar Internet communication identifier, if any, with the Commissioner of Emergency Services and Public Protection, on such forms and in such locations as the commissioner shall direct, and shall maintain such registration for ten years from the date of such person's release into the community, except that any person who has one or more prior convictions of any such offense or who is convicted of a violation of subdivision (2) of subsection (a) of section 53a-70 shall maintain such registration for life. . . ."

Although § 54-251 was the subject of amendments in 2002, 2005, 2006, 2007, 2011 and 2015; see Public Acts, Spec. Sess., May, 2002, No. 02-7, § 79; Public Acts 2005, No. 05-146, § 5; Public Acts 2006, No. 06-187, §§ 34 through 36; Public Acts 2006, No. 06-196, § 292; Public Acts, Spec. Sess., June, 2007, No. 07-4, § 90; Public Acts 2011, No. 11-51, § 134 (a); Public Acts 2015, No. 15-211, § 5; Public Acts 2015, No. 15-213, § 4; those amendments have no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of the statute.

motion on the ground that his lifetime sex offender registration requirement is "a statutory requirement" given his conviction under § 53a-70 (a) (2).

On appeal, the defendant argues, inter alia, that the court's denial of his motion was improper because (1) "[he] has been registered [as a sex offender] for [twenty] years . . . has completed . . . [sexual offender registration] classes with certificates . . . and is in compl[iance] with probation," of which he "has only two years . . . remaining," and (2) the sentencing judge and his trial counsel "never mentioned" the lifetime sex offender registration requirement, and if he had known that his guilty plea required lifetime registration on the sex offender registry, "he never would have [taken] the plea deal."

"It is well settled that the denial of a motion to modify probation will be upheld so long as the trial court did not abuse its discretion. . . . On appeal, a defendant bears a heavy burden because every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . The mere fact that the denial of a motion to modify probation leaves a defendant facing a lengthy probationary period with strict conditions is not an abuse of discretion. Rather, [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Citations omitted; internal quotation marks omitted.) *State* v. *Denya*, 149 Conn. App. 714, 718, 89 A.3d 455 (2014).

First, as to the defendant's argument that the court improperly denied his motion because he has been compliant with the conditions of his probation and has completed sexual offender registration classes, these facts cannot establish an abuse of discretion, as the court's decision adhered to the mandatory requirement

for lifetime sex offender registration pursuant to § 54-251 (a).[6] Although motions to modify probation are ordinarily governed by General Statutes § 53a-30 (c),[7] § 54-251 (a) expressly provides that "any person . . . who is convicted of a violation of subdivision (2) of subsection (a) of section 53a-70 shall maintain such registration for life." The court correctly determined that this clear and unambiguous statutory language prohibited it from granting the defendant's motion to modify his lifetime sex offender registration requirement because his underlying conviction is for, inter alia, a violation of § 53a-70 (a) (2).

Second, the defendant's argument that the court improperly denied his motion because he would not have agreed to plead guilty if the court or his trial counsel had informed him about the lifetime registration requirement is not properly before the court on a

---

[6] "[I]nsofar as we must construe statutes to resolve the defendant's claim, [i]ssues of statutory interpretation constitute questions of law over which the court's review is plenary. The process of statutory interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case, including the question of whether the language does so apply. . . . When construing a statute, [the court's] fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Commissioner of Public Health* v. *Colandrea*, 221 Conn. App. 631, 654, 302 A.3d 370 (2023), cert. denied, 348 Conn. 932, 306 A.3d 474 (2024).

[7] General Statutes § 53a-30 (c) provides in relevant part: "At any time during the period of probation or conditional discharge, after hearing and for good cause shown, the court may modify or enlarge the conditions, whether originally imposed by the court under this section or otherwise, and may extend the period, provided the original period with any extensions shall not exceed the periods authorized by section 53a-29. . . ."

motion to modify probation. A motion to modify probation is not the proper procedural vehicle to raise a claim regarding a guilty plea. Moreover, at this juncture, the defendant's option to raise such a challenge to the underlying guilty plea would be limited, such as by way of a petition for a writ of habeas corpus,[8] as the window for filing a direct appeal has long since passed. See Practice Book § 63-1 (a).[9] Accordingly, we conclude that the court's denial of the defendant's motion was proper.

Finally, we decline to review the defendant's remaining evidentiary claim because it is unpreserved, as the defendant has raised the claim for the first time on appeal. See *Deutsche Bank Trust Co. Americas* v. *Burke*, 218 Conn. App. 542, 547 n.4, 292 A.3d 81 (declining to review claim raised for first time on appeal), cert. denied, 347 Conn. 904, 297 A.3d 567 (2023); see also *White* v. *Mazda Motor of America, Inc.*, 313 Conn. 610,

---

[8] We note, however, that if the defendant brings a petition for a writ of habeas corpus, he may face procedural hurdles related to, inter alia, any habeas petitions that he previously filed but withdrew.

[9] We also note that, pursuant to our Supreme Court's holding in *State* v. *Pentland*, 296 Conn. 305, 994 A.2d 147 (2010), the trial court's failure to inform the defendant of the lifetime sex offender registration requirement is immaterial to his requested relief. In *Pentland*, the Supreme Court held that statutory sex offender registration requirements must be complied with even when the court fails to inform the defendant of such a requirement at sentencing. See id., 314. Indeed, whereas the court in the present case at least alluded to registration "for a period of at least ten years," the sentencing judge in *Pentland* actually "mistakenly informed" the defendant "that the offenses of which he had been convicted did not require him to register as a sex offender." Id., 308. Nevertheless, our Supreme Court recognized that, "[b]ecause the defendant pleaded guilty to an offense the commission of which triggers the registration requirement, it would be manifestly inconsistent with the public safety purpose of the statutory scheme to construe § 54-251 (a) as exempting the defendant from that requirement merely because the court did not comply with the [statute's] mandatory advisement provision." Id., 314. More importantly, the *Pentland* court also recognized that when a defendant whose lifetime registration is required by § 54-251 (a) "seeks relief from the registration requirement itself . . . we do not have the authority to relieve him of that requirement in light of his conviction . . . ." Id., 315.

619, 99 A.3d 1079 (2014) (recognizing that "[o]ur appellate courts, as a general practice, will not review claims made for the first time on appeal"). We also decline to review the defendant's unpreserved claim that his sentence is unconstitutional under General Statutes § 53a-31 (a).[10] The defendant has not requested review of his unpreserved constitutional claim pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015), either in name or substance. See *State* v. *Abramovich*, 229 Conn. App. 213, 218, A.3d (2024). The defendant has failed to provide any analysis or citation to authority demonstrating why a period of probation, following a period of special parole, is unconstitutional under § 53a-31 (a). His claim, therefore, is inadequately briefed. "We will not engage in *Golding* . . . review on the basis of . . . an inadequate brief." (Internal quotation marks omitted.) Id., 219.

The judgment is affirmed.

---

[10] General Statutes § 53a-31 (a) provides: "A period of probation or conditional discharge commences on the day it is imposed, unless the defendant is imprisoned, in which case it commences on the day the defendant is released from such imprisonment. Multiple periods, whether imposed at the same or different times, shall run concurrently."

Although § 53a-31 (a) was the subject of an amendment in 2015; see Public Acts 2015, No. 15-211, § 1; that amendment has no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of the statute.